a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MOHAMMED IBRAHIM HASSAN MOHAMMED #A221-148-279, Petitioner | CIVIL DOCKET NO. 1:25-CV-01069 SEC P |
| VERSUS | JUDGE DRELL |
| U S IMMIGRATION & CUSTOMS ET AL, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Mohammed Ibrahim Hassan Mohammed ("Mohammed"). Mohammed is an immigration detainee at River Correctional Center in Ferriday, Louisiana. He challenges the legality of his continued detention.

To determine whether Mohammed may be entitled to relief, he must AMEND the Petition.

I. Background

Mohammed alleges that he entered the United States on August 19, 2024, and was ordered removed on October 21, 2024. ECF No. 1-2 at 3. Mohammed provides no information regarding his citizenship or nationality. He seeks release because he has been detained past the presumptively reasonable removal period, and there is no likelihood of his removal in the reasonably foreseeable future. ECF No. 1. at 7.

II. <u>Law and Analysis</u>

The United States Supreme Court has held that an alien may be detained post-removal order only for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). According to the Supreme Court, a period reasonably necessary to bring about the alien's removal from the United States is presumptively six months. *Id.*, at 701. Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.*; *see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006).

Mohammed provides no allegations or evidence of an impediment to his deportation. *See Andrade*, 459 F.3d at 543 (noting that aliens must present sufficient evidence and not merely offer conclusory statements). When a petitioner comes forward with nothing more than conclusory allegations, he fails to shift the burden to the government under *Zadvydas*. *See Andrade,* 459 F.3d at 543-44.

Mohammed must amend his Petition to indicate the country to which he was ordered removed, and to allege why his removal is unlikely to occur in the reasonably foreseeable future. He should also provide any documentation he has that supports his claim.

### III. Conclusion

Because additional information is required to state a viable claim, IT IS ORDERED that Mohammed AMEND the Petition within 30 days of the filing of this Order to provide the information outlined above.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Wednesday, August 20, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE