a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MOHAMMED IBRAHIM HASSAN             CIVIL DOCKET NO. 1:25-CV-01069
MOHAMMED #A221-148-279,                                    SEC P
Petitioner

VERSUS                                              JUDGE DRELL

U S IMMIGRATION & CUSTOMS ET      MAGISTRATE JUDGE PEREZ-MONTES
AL,
Respondents

---

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Mohammed Ibrahim Hassan Mohammed ("Mohammed"). Mohammed is an immigration detainee at River Correctional Center in Ferriday, Louisiana. He challenges the constitutionality of his continued detention.

Because there is no significant likelihood of Mohammed's removal in the reasonably foreseeable future, the Petition should be GRANTED.

## I.    Background

Mohammed alleges that he is a citizen of Sudan who entered the United States on August 19, 2024. ECF Nos. 1-2 at 3; 4. He was ordered removed on October 21, 2024. ECF No. 1-2 at 3. Mohammed seeks release because he has been detained beyond the presumptively reasonable removal period, and there is no likelihood of his

1

removal in the reasonably foreseeable future due to a humanitarian crisis in Sudan. ECF No. 4.

The Government asserts that Mohammed initially refused to complete an application for travel documents. ECF No. 15-1 at 2. However, Mohammed completed that application on January 24, 2025. *Id.* On March 19, 2025, the Embassy of Sudan issued travel documents for Mohammed. ECF No. 15-1 at 2. On April 10, 2025, Enforcement and Removal Operations ("ERO") submitted a request for Mohammed to be accepted into Tunisia. *Id.* On April 17, 2025, the Embassy of Tunisa responded stating they were not accepting any non-Tunisian citizens. *Id.* On May 13, 2025, ERO submitted a request to Honduras. On May 29, 2025, Honduras, like Tunisa, stated that it was not accepting non-citizens. *Id.*

## II.    Law and Analysis

Once an alien is ordered removed, the Government must physically remove him from the United States within a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021). The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final"; (2) the date of the final order of any court that entered a stay of removal; or (3) the date on which the alien is released from non-immigration detention or confinement. 8 U. S. C. § 1231(a)(1)(B).

However, the United States Supreme Court has held that § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that

alien's removal. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Detention for up to six months is presumptively reasonable. *Id.*

After six months, if an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. The six-month presumption does not mean that every alien not removed must be released after six months. To the contrary, an alien may be detained until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701.

Mohammed alleges that his removal is not reasonably foreseeable due to an ongoing crisis in Sudan. In response, the Government asserts that ICE/ERO obtained travel documents and that third-country efforts are ongoing. ECF No. 15 at 5.

The record before the Court supports Mohammed's assertion that there is no significant likelihood that he will be removed in the reasonably foreseeable future. Although travel documents were issued to Sudan in March 2025, there is no evidence that removal to Sudan is likely.

And, contrary to the Government's argument, the declaration of Assistant Field Office Director Charles Ward dated January 27, 2026, mentions no ongoing efforts at removal. In fact, the declaration shows a lack of any action to effectuate removal for over eight months. No requests for travel documents have been made to any country since May 2025. ECF No. 15-1 at 2. There is no record of any action in Mohammed's case beyond May 29, 2025.

3

Accordingly, the Court concludes that Mohammed's removal is not significantly likely to occur in the reasonably foreseeable future. Therefore, *Zadvydas* requires Mohammed's release from unlawful detention.

## III.   Conclusion

Because there is no substantial likelihood of Mohammed's removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition (ECF No. 1) be GRANTED, and Mohammed be released under appropriate conditions.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).   A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.   A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, February 5, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

4